OPINION
{¶ 1} Diana L. Peterson is appealing from the decision of the Area Two County Court of Montgomery County, Small Claims, finding her liable for $3,000.00 in damages to Tracie L. Barrett and her husband, Christopher F. Barrett, for damages to their vehicle. Both parties appeared pro se before the trial court. On appeal, Peterson is represented by counsel while the Barretts remain pro se and filed a brief as such.
 {¶ 2} The decision of the trial court is as follows:
 {¶ 3} "This matter is before the Court on a Small Claims Petition, filed by the Plaintiff claiming $3,000.00 (Three thousand 00/100) for damages in an auto accident. Plaintiff and Defendant appear and Plaintiff enters an estimate in excess of $3,000.00 (Three thousand 00/100) and a police report from the accident.
 {¶ 4} "Plaintiff's wife, driver of the Plaintiff's vehicle, claims the Defendant turned left in front of her causing the accident. Defendant says that she proceeded on a green arrow, which turned yellow as she turned.
 {¶ 5} "The Court finds for the Plaintiff. The fact that the Defendant was turning left in front of traffic created a higher degree of responsibility on her.
 {¶ 6} "Judgment to Plaintiff in the amount of $3,000.00 (Three thousand 00/100) plus interest at the rate of 10% (Ten percent) per annum from May 28, 2002 and court costs.
 {¶ 7} "IT IS SO ORDERED."
 {¶ 8} On appeal, counsel for appellant assigns its sole error as: "The Trial Court Abused Its Discretion To The Prejudice Of Appellant When It Proceeded With The Trial Despite Notice That The Appellant/Defendant Had Representation."
 {¶ 9} In her brief, the appellant's counsel avers that she had to drive from her office in Cincinnati to the court in Montgomery County on the morning of the trial date, which had been set for 10:30 a.m. on May 28, 2002. She was unfamiliar with the location and was running late. She therefore claims that she called the court's administrative office that she would be late and asked the administrative officer to so notify the court.
 {¶ 10} The transcript of the hearing shows that the Barretts and Peterson both were present, pro se, and testified. At the end of her testimony, Peterson had stated: "Actually, I had an Allstate representative person that was coming today. I think she called the courts to say she was late. I tried to contact her insurance company, but I believe they didn't actually have insurance at the time of the accident."
 {¶ 11} Appellant argues in her brief that the trial court abused its discretion when it proceeded to hear the case in apparent disregard of the notice to it that Peterson had a lawyer coming to attend. We note that Peterson did not advise the court that anyone was attending until after she had already testified in full and, further, we do not regard her statement to the court that she thought an Allstate representative was coming was notice to the court that a lawyer was coming to represent her. On this record we cannot find that the court abused its discretion. Both parties were before it, pro se, on the date and time fixed for the hearing. The court had no reason to stop the proceedings when Peterson told the court that she thought an Allstate representative was going to attend. The proceedings at that point were virtually over. Furthermore, we cannot find any prejudice to Peterson when her lawyer failed to appear since the lawyer in her brief does not present us with any reason why the outcome would have been different had she been there. Both parties testified as to their version of the facts, which essentially came down to Peterson making a lefthand turn in front of the oncoming Barrett vehicle. The Barretts claimed they had the green light to go forward through the intersection, and Peterson testified that either the light was turning yellow when she entered the intersection or turned yellow after she entered the intersection, and she was turning from the left turn lane. The court essentially had a credibility call. It apparently decided Peterson's testimony lacked credibility, which we do not find to be unreasonable, and we are not presented with any reason why the outcome would have been different had Peterson's counsel arrived in time for the hearing.
 {¶ 12} Had Peterson advised the trial court before the hearing
that she was represented by legal counsel who planned to attend that morning and apparently was running somewhat late and had the court proceeded anyway to a trial, we might actually have had an abuse of discretion issue before us. That situation is not presented here, however, and therefore, we do not find the trial court abused its discretion.
 {¶ 13} The assignment of error is overruled and the judgment is affirmed.
FAIN, P.J. and BROGAN, J., concur.